UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY BERNSTEIN,

        *Plaintiff*,

-against-

MEREDITH OPERATIONS CORPORATION f/k/a
MEREDITH CORPORATION, YAHOO INC., and
MICROSOFT CORPORATION,

*Defendants*.
------------------------------------------------------------------x

Index No.: 1:25-cv-05851

**FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Gary Bernstein ("Plaintiff" or "Mr. Bernstein"), by and through his attorneys, brings this Amended Complaint against Defendants Meredith Operations Corporation f/k/a Meredith Corporation ("Meredith"), Yahoo Inc. ("Yahoo"), and the Microsoft Corporation ("Microsoft"), and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for direct and contributory copyright infringement as well as the violation of Plaintiff's rights under Section 1202 of the U.S. Copyright Act resulting from the unauthorized removal and/or alteration and falsification of Copyright Management Information ("CMI"), as defined under 17 U.S.C. § 1202. Plaintiff, a professional photographer, brings this action in response to the unauthorized uses of his original copyrighted photograph by Defendants, via their websites and elsewhere.

## PARTIES

2.    Since 1966, and at all relevant times, Plaintiff has provided professional photography services, often to iconic celebrities for their most important projects. He has

specialized in commissioned celebrity images and commissioned commercial assignments, and is often recognized for his creation of photographs that themelves have become iconic including the photograph at issue in this case.  Mr. Bernstein's residence and principal place of business is in Los Angeles, California.

3. Defendant Meredith Operations Corporation f/k/a Meredith Corporation is an Iowa corporation, which is registered in the State of New York as a foreign business, and which maintains its principal place of business at 225 Liberty Street, 4th Floor, New York, New York 10281.  Meredith owns and operates the publication *People* at issue in this litigation, among others.  Meredith also is or was at relevant times the entity responsible for licensing and distributing content from these various publications to third parties such as Microsoft, Yahoo, AOL, and Pinterest for further reproduction, distribution, display, and publication.[1]

4. Defendant Yahoo Inc. ("Yahoo") is a corporation organized under the laws of the State of Delaware, with its headquarters and principal place of business located at 770 Broadway, New York, NY 10003.  Yahoo owns and operates the online news sources *Yahoo! News* and *AOL* at issue in this matter, among others.

5. Defendant Microsoft Corporation is a corporation organized under the laws of the State of Delaware, which has its principal place of business in Redmond, Washington, is registered to do business in the State of New York, and owns and operates an online news source *MSN* at issue in this matter, among others.

**JURISDICTION AND VENUE**

6. This action arises under U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

---

[1] Plaintiff understands that Yahoo and AOL are both currently owned by Apollo Group, a private equity firm. However, it has been recently reported in the news that AOL is being purchased by another company, and therefore, Plaintiff reserves the right to substitute the new owner in the event that the past liability has passed to the new owner.

7. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Meredith Operations Corporation because, *inter alia*, it is registered to do business and maintains its principal place of business, in New York, New York or, in the alternative, it: (a) transacts a significant amount of business within the State of New York and/or contracts anywhere within the State of New York; and/or (b) committed a tortious act within the State of New York; and further, (i) regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York, and/or (ii) purposefully availed itself of the benefits and protections offered by the State of New York by conducting business here, expecting or reasonably expecting such business to have consequences in the State of New York and derives substantial revenue from interstate or international commerce; and/or (c) owns, uses, or possess real property situated within the State of New York.

9. This Court has personal jurisdiction over Yahoo because, *inter alia*, it is registered to do business and maintains its principal place of business, in New York, New York, and because its relationship and contracts with Meredith, a New York based entity, give rise to the claims against it that are at issue in this case as set forth in this Complaint.

10. This Court has personal jurisdiction over Microsoft because, *inter alia*, it: (a) transacts a significant amount of business within the State of New York and/or contracts anywhere within the State of New York; and/or (b) committed a tortious act within the State of New York; and/or (c) committed a tortious act within the State of New York, which caused injury to Plaintiff within the State of New York, and further, (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or

3

services rendered in the State of New York, and/or (ii) purposefully availed itself of the benefits and protections offered by the State of New York by reaching out and conducting business there, and expects or should reasonably expect such business to have consequences in the State of New York and derives substantial revenue from interstate or international commerce; and/or (d) owns, uses, or possess real property situated within the State of New York.  This court also has personal jurisdiction over Microsoft because its relationship and contracts with Meredith, a New York based entity, give rise to the claims against it that are at issue in this case as set forth in this Complaint.

11.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

12.     Plaintiff Gary Bernstein is a renowned professional photographer whose work has been widely published, exhibited, and licensed for over four decades.  He is best known for his iconic celebrity portraits and commercial photography, including widely recognized images of Elizabeth Taylor, Farrah Fawcett, Jay Leno, and Johnny Carson.  He has photographed more than two-hundred (200) prominent figures, including United States presidential families, Sophia Loren, Kenny Rogers, Lionel Richie, David Bowie, Reggie Jackson, and Joan Collins.

13.     Among other prestigious recognitions and awards, Mr. Bernstein was named a Master of Contemporary Photography by the Smithsonian Institution.  His fashion and commercial work has appeared in publications such as Vogue, Harper's Bazaar, Esquire, Paris Match and Gentleman's Quarterly.  His many commercial clients include Revlon, ABC Television, American Express, Max Factor, Pirelli, and Cartier.

14.     Mr. Bernstein, however, is perhaps best known for his photographs of legendary actress and philanthropist Elizabeth Taylor, which have been widely used in commercial contexts, including national and international advertising campaigns and magazine covers (including several

4

times by Meredith owned and operated publications such as and including *People*) and other editorial publications. As a result of his special relationship with Ms. Taylor, including their work together to establish early funding for AmFAR (The American Foundation for AIDs Research) and ETAF (the Elizabeth Taylor AIDs Foundation), Ms. Taylor granted Mr. Bernstein the rights to market products using his photographs of her for commercial purposes.

15. Plaintiff's works are highly valuable due to the combination of the artistic and expressive quality of his photographs, the unique or rare subject matter depicted therein, and his exclusive treatment of his photographs, which he rightfully protects. As evidence of same, the Plaintiff will show at trial that he has been commissioned to photograph Elizabeth Taylor at fees greater than $25,000 a day not including licenses therefrom; has licensed Elizabeth Taylor images for "commercial use" for as much as $100,000 for a single photograph for a single year of use, and has licensed "editorial only" use of Elizabeth Taylor images for as much as $150,000 in fees over the course of a single month.

16. Like many professional commercial photographers, a part of Mr. Bernstein's livelihood depends on revenue generated by licensing his original works for reproduction, public display and marketing.

**A.** **Plaintiff's Work at Issue**

*The Elizabeth Taylor Portrait Photograph*

17. At issue in this lawsuit is Plaintiff's photograph, identified herein as the "Elizabeth Taylor Portrait Photograph" or the "Taylor Photograph," which was used and sublicensed by the Defendant without authorization and compensation. Attached hereto as **Exhibit 1** is a copy of the Taylor Photograph.

5

18. On December 4, 1986, Mr. Bernstein was commissioned to shoot a series of Elizabeth Taylor photographs. Mr. Bernstein flew to New York City for this session to produce photographs for the launch and marketing of Elizabeth Taylor's Passion Perfume product line and campaign.

19. Plaintiff is the sole owner of the copyright in the Taylor Photograph and registered a derivative of it with the U.S. Copyright Office under Registration No. VAu 1-343-697. Attached hereto as **Exhibit 2** is a copy of the registration certificate.[2]

20. A copy of the deposit copy of the derivative of the Taylor Photograph is attached hereto as **Exhibit 3**.

21. Plaintiff has reserved all rights in the Taylor Photograph and has not licensed or authorized the infringing uses set forth in this Complaint.

B. **The Unlicensed Uses of the Elizabeth Taylor Portrait Photograph**

*Meredith's Infringing Uses of the Elizabeth Taylor Portrait Photograph*

22. Through its publication, *People* ("People Magazine"), Meredith has reproduced and displayed and exploited an unauthorized copy of the Taylor Photograph, without a license or permission from Mr. Bernstein. People Magazine displayed the Taylor Photograph in at least two instances: (i) in connection with an article entitled, "Elizabeth Taylor Loved to 'Share' So Much She Would Gift Her Housekeepers Diamond Jewelry (Exclusive)" dated February 13, 2025, on its

---

[2] Because Meredith raised the issue in its Answer (ECF No 15) to the Original Complaint (ECF No. 1), the case law in the Second Circuit and elsewhere is clear that a registration of a derivative work covers the original work as long as the owner of both is the same, as is the case here. *See Greenwich Film Prods. v. DRG Records, Inc.*, 833 F. Supp. 248, 251-52 (S.D.N.Y. 1993) (copyright registration of derivative work sufficient for copyright infringement action based on pre-existing work where plaintiff owned the copyrights for both the derivative and pre-existing work); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][2] (1997) (copyright owners of derivative work that own pre-existing work should be able to pursue copyright infringement action against individuals infringing the pre-existing work, even when only derivative work registered); *see also Woods v. Universal City Studios, Inc.*, 920 F. Supp. 62, 64 (S.D.N.Y. 1996) (registration of copyright for collective work satisfies requirements of 17 U.S.C. § 411(a) to bring copyright infringement action based on constituent parts where owner of copyright for collective work also owns constituent parts).

website, www.people.com, (attached hereto as **Exhibit 4-A**), for the purpose of driving increased traffic and readership to the article and to generate revenue for People Magazine;[3] and (ii) in connection with an article entitled, "Richard Burton Surprised Wife Elizabeth Taylor with $37K Valentine's Day Present (Exclusive)" dated February 13, 2025, on its website, www.people.com, (attached hereto as **Exhibit 4-B**), for the purpose of driving increased traffic and readership to the article and to generate revenue for People Magazine.[4] Copies of People Magazine's infringing uses of the Taylor Photograph are attached hereto at **Exhibit 4-A and Exhibit 4-B** (the "Infringing People Magazine Uses"). On information and belief, these articles were then sublicensed or syndicated by Meredith in at least three instances to Microsoft, Yahoo, and AOL.[5]

23. Mr. Bernstein did not authorize Meredith to reproduce, publish, display, or otherwise use the Taylor Photograph.

*Microsoft's Infringing Use of the Elizabeth Taylor Portrait Photograph*

24. Microsoft made at least one use of the Taylor Photograph in a February 13, 2025 *MSN* article entitled "Elizabeth Taylor Loved to 'Share' So Much She Would Gift Her Housekeepers Diamond Jewelry (Exclusive)" published on www.msn.com, for the purpose of driving increased traffic and readership to the article and to generate revenue for People Magazine and Microsoft.[6] A copy of Microsoft's use of the Taylor Photograph is attached hereto as **Exhibit 5** (the "Infringing Microsoft Syndication"). The Infringing Microsoft Syndication appears to be a

---

[3] https://people.com/elizabeth-taylor-would-give-her-housekeepers-diamond-tennis-bracelets-exclusive-11678961

[4] https://people.com/elizabeth-taylor-assistant-says-her-most-coveted-role-was-to-be-a-wife-exclusive-9725252

[5] As defined below, the Infirnging People Magazine Uses, Infringing Microsoft Syndication, Infringing Star News Video Use, Infringing Yahoo Syndication, and Infringing AOL Syndication are collectively the "Infringed Uses."

[6] https://www.msn.com/en-us/lifestyle/lifestyle-buzz/elizabeth-taylor-loved-to-share-so-much-she-would-gift-her-housekeepers-diamond-jewelry-exclusive/ar-AA1yZCOl

republication of the Infringing People Magazine Use with the same title that was published on the same date. (*See* Exhibit 4-A).

25. Mr. Bernstein did not authorize Microsoft to reproduce, publish, display, or otherwise use the Taylor Photograph.

26. Mr. Bernstein did not authorize Meredith to license the Taylor Photograph to Microsoft.

*Star News' Infringing Use of the Elizabeth Taylor Portrait Photograph*

27. Beyond the Infringing Microsoft Syndication, which on information and belief was sublicensed via an agreement between Meredith and Microsoft, there is at least one other uncredited and unauthorized additional use related to Meredith's infringing use of Mr. Bernstein's photograph.

28. Star News made at least one use of the Taylor Photograph in a YouTube video entitled "Elizabeth Taylor Loved to 'Share' So Much She Would Gift Her Housekeepers Diamond Jewelry" published on February 13, 2025 (the "Infringing Star News Video Use").[7] The Infringing Star News Video Use was published on the same day as the Infringing People Magazine Use and the Infringing Microsoft Syndication and, on information and belief, was sourced from People Magazine's infringing article. (*See* Exhibit 4-A). A screenshot of Star News' infringing use of the Taylor Photograph in its YouTube video is attached hereto as **Exhibit 6**.[8]

29. Mr. Bernstein did not authorize Star News to reproduce, publish, display, or otherwise use the Taylor Photograph.

---

[7] https://www.youtube.com/watch?v=iwa0XTXBTAI

[8] Collectively, the Infringing People Magazine Use, Infringing Microsoft Syndication, and Infringing Star News Video Use are referred to herein as the "Infringing Uses."

30. Mr. Bernstein did not authorize Meredith to license the Taylor Photograph to Star News.

*Yahoo's and AOL's Infringing Uses of the Elizabeth Taylor Portrait Photograph*

31. Yahoo made at least one use of the Taylor Photograph in a February 13, 2025 *Yahoo!News* article entitled "Richard Burton Surprised Wife Elizabeth Taylor with $37K Valentine's Day Present (Exclusive)" published on www.ca.news.yahoo.com (attached hereto as **Exhibit 7**), for the purpose of driving increased traffic and readership to the article and to generate revenue for People Magazine and Yahoo (the "Infringing Yahoo Syndication").[9] The Infringing Yahoo Syndication appears to be a republication of the Infringing People Magazine Use with the same title that was published on the same date. (*See* Exhibit 4-B).

32. AOL made at least one use of the Taylor Photograph in a February 13, 2025 *AOL* article entitled "Richard Burton Surprised Wife Elizabeth Taylor with $37K Valentine's Day Present (Exclusive)" published on www.aol.com (attached hereto as **Exhibit 8**), for the purpose of driving increased traffic and readership to the article and to generate revenue for People Magazine and AOL (the "Infringing AOL Syndication").[10] The Infringing AOL Syndication appears to be a republication of the Infringing People Magazine Use with the same title that was published on the same date. (*See* Exhibit 4-B).

33. Mr. Bernstein did not authorize Yahoo or AOL to reproduce, publish, display, or otherwise use the Taylor Photograph.

34. Mr. Bernstein did not authorize Meredith to license the Taylor Photograph to Yahoo or AOL.

---

[9] https://ca.news.yahoo.com/richard-burton-surprised-wife-elizabeth-173303241.html

[10] https://www.aol.com/richard-burton-surprised-wife-elizabeth-173303614.html

### C.   Defendants' Section 1202 Violations as to the Elizabeth Taylor Portrait Photograph

35. When Mr. Bernstein transmits his photographs for licensed uses, he includes his CMI, including his authorship and ownership credits.

36. Each of the Infringing Uses fails to properly credit Mr. Bernstein.

37. Underneath both of the Infringing People Magazine Uses of the Taylor Photograph, Meredith attributed the copyright and ownership in the Taylor Photograph to "HULTON ARCHIVE/GETTY IMAGES" rather than to Mr. Bernstein.  Mr. Bernstein never licensed the Taylor Photograph to the Hulton Archive or Getty, nor did he permit either of them to license it. Not only did Meredith fail to include attribution to Mr. Bernstein in the Infringing People Magazine Uses but it also willfully, intentionally, and falsely credited a Getty archive as the source, author, and owner of the Taylor Photograph despite the Taylor Photograph not being owned or authored by Getty and Mr. Bernstein not making it available for licensing by Getty or the "Hulton Archive."  Indeed, a review of the Hulton Archive on Getty's platform reveals the work was not available there.[11]

38. Meredith knew or should have known that Getty was not the author or owner of the Taylor Photograph when it used the photograph in the Infringing People Magazine Uses.  Meredith also knew or should have known that Getty was not the author or owner of the Taylor Photograph when it sublicensed use of the Taylor Photograph to Microsoft, Yahoo, and AOL.  As a result, the Infringing Microsoft, Yahoo, and AOL Syndications falsely attribute copyright in the Taylor Photograph to "Hulton Archive/Getty Images" as well as "People Magazine."

---

[11] https://www.gettyimages.com/collections/hulton-archive

39. The Infringing Star News Video Use fails to include any credit related to its use of the Taylor Photograph.

40. The only "credit" appearing in the Infringing Uses are credits to the unrelated photograph archive "Hulton Archive/Getty Images," People Magazine, Dotdash Meredith, MSN, Microsoft, Yahoo, and/or AOL as shown in Exhibits 4-8.

41. Neither the Infringing People Magazine Uses nor the Infringing Syndications included Plaintiff's authorship or ownership credits on or adjacent to the uses of the Taylor Photograph despite the photograph not being available from or contained in the falsely accredited Hulton Archive. For this reason, Meredith knew or had reasonable grounds to know it was providing false copyright management information ("CMI") with the intent to induce, enable, facilitate, or conceal their infringement or infringement by others, such as Microsoft, Star News, Yahoo, and AOL.

42. On information and belief, Meredith received the Taylor Photograph from a source that had Mr. Bernstein's credit and intentionally removed or altered Mr. Bernstein's CMI without his authority, knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringements of Mr. Bernstein's copyrights.

43. Meredith, without the authority of Mr. Bernstein, distributed copies of the Taylor Photograph to Microsoft, Yahoo, and AOL knowing that Mr. Bernstein's CMI had been removed or altered without authority, and knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringements of Mr. Bernstein's copyrights.

44. On information and belief, Meredith distributed copies of the Taylor Photograph knowing that Mr. Bernstein's CMI had been removed or altered without his authority, and knowing

or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringements of Mr. Bernstein's copyrights.

45. None of the Infringing Uses included Plaintiff's authorship or ownership credits on or adjacent to any of the six (6) known uses of the Taylor Photograph despite the photograph not being available from or contained in the falsely accredited Hulton Archive. For this reason, Meredith knew or had reasonable grounds to know it was providing false copyright management information ("CMI") with the intent to induce, enable, facilitate, or conceal their infringement or infringement by others, such as Microsoft, Yahoo, AOL, and Star News.

46. Like many professional photographers, a significant aspect of Mr. Bernstein's livelihood depends on name recognition from proper accreditation for the use of his photographs and subsequent licensing of his works for reproduction and public display. With respect to the Taylor Photograph, the actions of Defendants have deprived Plaintiff of such revenue and name recognition and have caused significant monetary harm to Mr. Bernstein.

47. Mr. Bernstein brings this action to recover his damages and prevent any further harm resulting from Defendants' unlicensed, unauthorized, and uncredited uses of the Taylor Photograph.

D. **Defendants' Monetization of the Infringing Uses of the Taylor Photograph and Facilitation of Further Downstream Infringement**

48. As detailed above, Meredith exploited Plaintiff's photograph without his authorization or permission by using and monetizing the Taylor Photograph in publications on its websites and, on information and belief, the websites of its sublicensees, Microsoft, Yahoo, and AOL. Each use discovered thus far includes large numbers of advertisements, in banner ads, side ads right next to the Taylor Photograph, as well as ads below the Taylor Photograph. (*See, e.g.*, Exhibit 4).

49. In addition, the Infringing Uses have dozens of potential products for consumers due to linked articles, infinite scrolling capabilities, and associated affiliate sponsorships.

50. Meredith's actions have directly facilitated an unknowable number of further downstream infringements as exemplified by the Infringing Star News Video Use.

E. **Plaintiff's Initial Discovery Of The Infringements**

51. Plaintiff first discovered and learned of each of the infringements and CMI violations set forth in this Amended Complaint within three years of the filing of this action.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement
### All Defendants
### 17 U.S.C. §101, *et seq*.

52. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. The Taylor Photograph is an original copyrightable work.

54. Plaintiff is the sole author and owner of the Taylor Photograph.

55. Plaintiff has complied in all respects with 17 U.S.C. § 101, *et seq*., and secured the exclusive rights in and ownership of the Taylor Photograph and has filed his copyright registration with the U.S. Copyright Office in accordance with its rules and regulations. Mr. Bernstein received Reg. No. Vau 1-343-697 with an effective date of July 20, 2018.

56. By publishing and displaying copies of the Taylor Photograph, as detailed above, Defendants have infringed Plaintiff's copyrights in the Taylor Photograph by reproducing, distributing, publicly displaying and otherwise using the Taylor Photograph, without Plaintiff's permission or authorization.

57. Defendants have done so willfully and intentionally, because, among other things, they knew they had no valid licenses to use or distribute the Taylor Photograph yet did so anyway.

58. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

59. As a direct and proximate result of the copyright infringement detailed herein, Defendants have gained and/or will gain substantial profits as a result of their infringements in an amount presently unknown and to be determined at trial.

60. Plaintiff is entitled to recover his actual damages and any additional profits of the Defendants not calculated in the computation of his actual damages in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b).

61. In addition, Plaintiff is entitled to elect statutory damages to recover his costs and attorneys' fees pursuant to 17 U.S.C. § 505.

62. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendants from infringing his copyrights pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF
### Contributory or Vicarious Copyright Infringement
### Defendant Meredith Operations Corporation
### 17 U.S.C. § 101, et seq.

63. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64. The Taylor Photograph is an original copyrightable works.

65. Plaintiff is the sole author and owner of the Taylor Photograph.

66. Plaintiff has complied in all respects with 17 U.S.C. § 101, *et seq*., and secured the exclusive rights in and ownership of the Taylor Photograph and has filed his copyright registration with the U.S. Copyright Office in accordance with its rules and regulations. Mr. Bernstein received Reg. No. Vau 1-343-697 with an effective date of July 20, 2018.

67. By the actions alleged above, Meredith has enabled, induced or contributed to the infringement of Mr. Bernstein's copyright in the Taylor Photograph by third parties' reproduction, public display, and distribution of the same.

68. In particular, Meredith directly distributed copies of the Taylor Photograph to Microsoft, Yahoo, and AOL pursuant to a content license agreement between Meredith and

15

Microsoft Corporation and Meredith and Yahoo Inc., which resulted in the Infringing Microsoft Syndication the Infringing Yahoo Syndication, and the Infringing AOL Syndication.

69. Meredith further allowed its users to "pin" or post the Taylor Photograph on Pinterest and share on other social media platforms and thus further encouraged and induced its readers to infringe the Taylor Photograph.

70. Meredith may have distributed copies of the Taylor Photograph to other as-yet-to-be discovered third parties which may have resulted in further infringing uses.

71. Meredith provided copies of the Taylor Photograph to Microsoft, Yahoo, and AOL with knowledge that Microsoft, Yahoo, and AOL intended to make additional uses of the Taylor Photograph, and induced, caused, and/or materially contributed to Microsoft's, Yahoo's, and AOL's infringing uses. By providing access to, and copies of, the Taylor Photograph, Meredith provided Microsoft, Yahoo, and AOL with the tools and support for their direct infringements of Mr. Bernstein's copyrighted work.

72. As such, Meredith is contributorily liable for the direct copyright infringement committed by Microsoft, Yahoo, and AOL.

73. As a direct and proximate result of the copyright infringement detailed herein, Mr. Bernstein has been and continues to be damaged in an amount unknown at present and to be determined at trial.

74. As a direct and proximate result of the copyright infringement detailed herein, the Defendants have gained substantial profits as a result of their infringements in an amount presently unknown and to be determined at trial.

75. Mr. Bernstein is entitled to recover his actual damages and any additional damages from the Defendants' relevant profits not calculated in the computation of his actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

76. In addition, Plaintiff is entitled to elect statutory damages and to recover his costs and attorneys' fees pursuant to 17 U.S.C. § 505.

77. In addition, Plaintiff is entitled to permanent injunctive relief enjoining and restraining the Defendants from infringing his copyright pursuant to 17 U.S.C. § 502.

**THIRD CLAIM FOR RELIEF**
**Removal, Alteration, and Falsification of Copyright Management Information**
**Defendant Meredith Operations Corporation**
**Digital Millennium Copyright Act, 17 U.S.C. §1202**

78. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 77, inclusive, as though fully set forth herein.

79. Mr. Bernstein requires any licensee of his photographs to convey accurate authorship and ownership information (*i.e.*, CMI), and requires his licensees to pass that obligation to any sublicensee who seeks to use Plaintiff's photographs with permission from such licensee.

80. Mr. Bernstein's own publication and licensed uses of the Taylor Photograph included written copyright notices attributing the authorship and ownership of the copyright in the Taylor Photograph to Plaintiff whether through notice on or adjacent to Taylor Photograph, or through metadata.

81. The foregoing constitutes CMI, pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

82. Plaintiff incorporates the exhibits for the Taylor Photograph, detailed in Exhibits 4-8, as though fully set forth herein (the "Infringement Exhibits"). As described above and shown

in the Infringement Exhibits, in at least six (6) instances discovered to date, the Defendants removed, altered, and/or falsified Plaintiff's CMI.

83. Meredith removed the authorship and ownership credits from those infringements or added false CMI and then distributed the Taylor Photograph with knowledge that Plaintiff's CMI had been removed, altered, or falsified.

84. In each instance described above, Meredith knew or had reasonable grounds to know that publication and/or distribution of the Taylor Photograph without Plaintiff's CMI was or is likely to induce, enable, facilitate, or conceal an infringement of Mr. Bernstein's rights in the Taylor Photograph.

85. Meredith also knew that credits to Meredith, Microsoft, or Getty were false because none of them owned or authored the Taylor Photograph.

86. Based on the foregoing, Meredith has committed at least six (6) violations of 17 U.S.C. § 1202.

87. Plaintiff has suffered actual damages as a result of the acts complained of herein in an amount to be determined at trial.

88. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

89. Plaintiff is entitled to recover from Meredith his actual damages and any additional profits of the Defendant not taken into account in computing his actual damages pursuant to 17 U.S.C § 1203(c)(2).

90. In the alternative, and at his election, Plaintiff is entitled to recover from Meredith for each violation of 17 U.S.C. § 1202, the full extent of which is unknown to Plaintiff at present

and which will be proven at trial, statutory damages of up to $25,000.00 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B).

91. Plaintiff is further entitled to recover his attorney's fees and costs from Meredith pursuant to 17 U.S.C. §§ 1203(b)(4) and (b)(5).

92. Plaintiff is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202 pursuant to 17 U.S.C. § 1203(b)(1).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment in his favor and against Defendants as follows:

(a) For an award of monetary damages in an amount to be proven at trial, but which is no less than $300,000.00;

(b) For his attorneys' fees and costs to the full extent allowable;

(c) For a permanent injunction preventing further violations of his rights;

(d) For interest as allowed by law; and

(e) For such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues so triable in this case.

Dated: November 12, 2025.　　　　　　　Respectfully submitted,

**LEICHTMAN LAW PLLC**

By: *David Leichtman*
David Leichtman (DL 7233)
Emma J. Hoffmann (EH 9673)

185 Madison Avenue, 15th Floor
New York, New York 10016
Tel: (212) 419-5210

dleichtman@leichtmanlaw.com
ehoffmann@leichtmanlaw.com

*Attorneys for Plaintiff Gary Bernstein*