

January 9, 2026

<u>**Via CM/ECF**</u>

The Honorable Jesse M. Furman
United States District Court
  Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10074

>        **RE:**    ***Bernstein v. Meredith Operations Corporation,*** **Case No. 1:25-cv-05851-JMF**
>        Request to Stay Discovery Pending Court's Order on Defendants' Motion to
>        Dismiss

Dear Judge Furman:

This firm represents Defendants Meredith Operations Corporation, Yahoo Inc., and Microsoft Corporation (collectively, "Defendants"). On January 6, 2026, Defendants moved to dismiss Plaintiff's First Amended Complaint ("Complaint") in its entirety because Plaintiff failed to allege infringement of a registered work, which is a statutory prerequisite to maintaining his copyright claims. *See* ECF Nos. 32-34. Pursuant to the Court's November 24, 2025 Order (ECF No. 29), Defendants are renewing their request to stay all discovery pending resolution of their Motion to Dismiss.

Upon a showing of good cause, this Court "has considerable discretion to stay discovery." *Goldstein v. City Univ. of New York,* No. 25-CV-0475, 2025 WL 3471131, at *1 (S.D.N.Y. Dec. 3, 2025). Good cause is generally evaluated by considering the following three factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal citations and quotations omitted). As detailed herein, all factors favor the requested stay.

First, Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint (ECF No. 33) ("Memorandum") raises substantial arguments that Plaintiff's Complaint fails to state a claim. Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until…registration of the copyright claim has been made in accordance with" Title 17 of the United States Code. 17 U.S.C. § 411(a). The Complaint does not allege that Plaintiff registered, or even submitted an application to register, the work at issue in this case, namely, a black-and-white photograph of

Gail Podolsky

1100 Peachtree St NE          gail@podolsky-law.com          136 Madison Avenue
Suite 900                     404.282.7776                   5th & 6th Floors
Atlanta, GA  30309            www.podolsky-law.com           New York, NY  10016

The Honorable Jesse M. Furman
January 9, 2026
Page 2 of 3

Elizabeth Taylor ("B&W Taylor Photograph"). *See generally* ECF No. 23; *Techniques, Inc. v. Rohn*, 592 F. Supp. 1195, 1197 (S.D.N.Y. 1984) ("A complaint which fails to plead compliance with § 411(a) is defective and subject to dismissal.").

Instead, Plaintiff asserts that he may rely on a registration for an unpublished "2-D artwork" of Elizabeth Taylor (the "Taylor Artwork"). ECF No. 23 ¶ 19 n.2.[1] Plaintiff cannot rely on this subsequent registration because (1) Plaintiff failed to identify his pre-existing work – the B&W Taylor Photograph – in his copyright application; (2) Plaintiff explicitly excluded the B&W Taylor Photograph from the Certificate of Registration; and (3) the Certificate of Registration explicitly states that it covers an unpublished work, while the B&W Taylor Photograph was publicly distributed at least a decade earlier. ECF No. 33 at 6-8. *See also Oravec v. Sunny Isles Lux. Vent., L.C.*, 527 F.3d 1218 (11th Cir. 2008) (holding that "[a] plaintiff cannot use an effective registration theory to sue on aspects of unregistered preexisting works that are not included in the work he did register"); *Roblox Corp. v. WowWee Grp. Ltd.*, 660 F.Supp.3d 880 (N.D. Cal. 2023) (finding the language in derivative work registration application "previously published avatar body" did not meaningfully identify pre-existing works such that effective registration doctrine would apply); *Synopsys, Inc. v. Atoptech, Inc.*, No. C-13-2965 MMC, 2016 WL 80549, at *1 (N.D. Cal. Jan. 7, 2016) (holding plaintiff "cannot avail itself of the effective registration doctrine, as its applications for registration of the derivative works fail to identify with sufficient specificity the unregistered preexisting works on which such derivative works are based"); *Syngy, Inc. v. ZS Assocs., Inc.*, No. 07-3536, 2015 WL 899408, *24 (E.D. Pa. March 3, 2015) ("[I]tems which are specifically excluded from the copyright registration under the heading 'Limitation of copyright claim'…cannot be subject to the presumption [of a valid copyright]."); *AFL Telecomm. LLC v. SurplusEQ.com Inc.*, 946 F.Supp.2d 928 (D. Ariz. 2013) (finding the owner of a copyright fails to satisfy the "registration requirement" for an infringement claim where the copyright in question specifically excludes the accused work from its coverage); *I.M.S. Inq. Mgmt., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F.Supp.2d 521 (S.D.N.Y. 2004) (finding subject matter jurisdiction lacking where the registration certificate relied upon by the plaintiff did not properly identify the preexisting work upon which the infringement claim was based).

Because Plaintiff never registered the B&W Taylor Photograph and cannot rely on a later "derivative work" registration for unpublished material, Defendants respectfully submit that dismissal of the Complaint in its entirety is warranted and that discovery should be stayed while the Court considers the Motion to Dismiss. *See Vargas v. Credit Control, LLC*, No. 24-cv-7885 (JGS) (HJR), 2025 WL 3538072, at * 1 (Dec. 10, 2025) ("A stay may be granted where the underlying motion 'is potentially dispositive, and appears to be not unfounded in the law.'"); *Goldstein*, 2025 WL 3471131, at *1 (finding the first factor weighs in favor of a stay of discovery because the defendant raised substantial arguments that plaintiff failed to state his claims); *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting motion to stay discovery pending resolution of defendants' motion to dismiss).

---

[1] Notably, Plaintiff does not allege that Defendants infringed the Taylor Artwork.

Gail Podolsky

1100 Peachtree St NE
Suite 900
Atlanta, GA  30309

gail@podolsky-law.com
404.282.7776
www.podolsky-law.com

136 Madison Avenue
5th & 6th Floors
New York, NY  10016

The Honorable Jesse M. Furman
January 9, 2026
Page 3 of 3


Second, a stay is warranted because Plaintiff is likely to seek voluminous discovery, including electronically stored information.[2] Proceeding with discovery at this stage would impose significant and unnecessary expense on the parties, all of which would be rendered moot if the Court grants the Motion to Dismiss. In addition, requiring Defendants "to engage in their own document discovery of plaintiffs, with the attendant need to review that discovery and make appropriate applications to compel…would create a significant burden on defendants in the face of a seemingly strong motion to dismiss." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 75. Accordingly, staying discovery pending resolution of the Motion to Dismiss serves the interests of judicial economy and efficiency. *Id.*

And third, Plaintiff will not be prejudiced by the requested stay. Given the early stage of the proceedings and the absence of urgency in Plaintiff's requested relief, a temporary stay pending the Court's ruling on the Motion to Dismiss will not materially delay the case.

For these reasons, as well as those articulated in Defendants' Memorandum, Defendants respectfully request that the Court stay all discovery pending resolution of Defendants' Motion to Dismiss.

We appreciate Your Honor's attention to this matter.

Kind regards,

Gail Podolsky
Podolsky Law LLC
Counsel for Defendants


cc:    All counsel of record

Given Plaintiff's stated intent to file an amended complaint by January 27, 2026, *see* ECF No. 39, Defendant's motion to stay discovery is DENIED without prejudice to renewal, by letter motion not to exceed three pages, within three business days of Defendant's anticipated responsive filing to the amended complaint.  The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

January 14, 2026

---

[2] To date, Plaintiff has not served any written discovery.

1100 Peachtree St NE
Suite 900
Atlanta, GA  30309

Gail Podolsky
gail@podolsky-law.com
404.282.7776
www.podolsky-law.com

136 Madison Avenue
5th & 6th Floors
New York, NY  10016