

The Court reserves judgment on the pending motion to dismiss, but concludes - based on the relevant factors - that a stay of discovery pending the Court's ruling on the motion is warranted. Accordingly, the letter-motion to stay is GRANTED. The Clerk of Court is directed to terminate ECF No. 45.

SO ORDERED.

January 24, 2026

February 16, 2026

**Via CM/ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10074

> **RE:** ***Bernstein v. Meredith Operations Corporation,* Case No. 1:25-cv-05851-JMF**
> Request to Stay Discovery Pending Court's Order on Defendants' Motion to Dismiss Second Amended Complaint

Dear Judge Furman:

This firm represents Defendants Meredith Operations Corporation, Yahoo Inc., and Microsoft Corporation (collectively, "Defendants"). On February 16, 2026, Defendants moved to dismiss Plaintiff's Second Amended Complaint in its entirety because, at the time he filed suit, Plaintiff did not possess a valid copyright registration for the work he claims was infringed. See ECF Nos. 43-44. In light of the dispositive nature of the Motion to Dismiss and the Court's January 7, 2026 Order barring further amendment, ECF No. 37, Defendants renew their request to stay all discovery pending resolution of their Motion to Dismiss.

Upon a showing of good cause, this Court "has considerable discretion to stay discovery." *Goldstein v. City Univ. of New York,* No. 25-CV-0475, 2025 WL 3471131, at *1 (S.D.N.Y. Dec. 3, 2025). Good cause is generally evaluated by considering the following three factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal citations and quotations omitted). As detailed herein, all factors favor the requested stay.

First, Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 44) ("Memorandum") establishes that the Second Amended Complaint fails to state a claim because the black-and-white photograph of Elizabeth Taylor ("B&W Taylor Photograph") was not registered when the suit was first filed. Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with" Title 17 of the United States Code. 17 U.S.C. § 411(a). Although the Second

1100 Peachtree St NE
Suite 900
Atlanta, GA 30309

Gail Podolsky
gail@podolsky-law.com
404.282.7776
www.podolsky-law.com

136 Madison Avenue
5th & 6th Floors
New York, NY 10016

The Honorable Jesse M. Furman
February 16, 2026
Page 2 of 3

Amended Complaint alleges that U.S. Copyright Registrations TX 2-398-457, VAu 1-343-697, VAu 1-469-514, and VA 2-477-288 satisfy the statutory prerequisite for a copyright infringement action, ECF No. 41 at ¶ 58, the Memorandum demonstrates that Plaintiff cannot rely on any of these registrations to support his claims.

For example, TX 2-398-457 is for a literary work—a book—not for any photographs and Plaintiff does not own the registration. *See* ECF No. 41-3 at p. 2; *Ward v. Barnes & Noble*, 93 F. Supp. 3d 193, 204 (S.D.N.Y. 2015) (holding that the copyright registration did not include the book's text and artwork as the authorship section listed only "text" or "entire text" as the extent of the plaintiff's authorship).

Plaintiff's reliance on VA 2-477-288 is also misplaced because the registration did not exist at the time the original Complaint was filed. Plaintiff commenced this action on July 16, 2025, ECF No. 1, but did not obtain a registration for the B&W Taylor Photograph until January 13, 2026. ECF No. 41 at ¶23; *see also* ECF No. 41-11. Plaintiff's failure to register his copyright in advance of filing his lawsuit is fatal to his claims and no amendment can cure this deficiency. *See Zonis v. Grubman*, No. 20-CV-7181 (JMF), 2022 WL 597447, at *1 (S.D.N.Y. Feb. 28, 2022) ("the failure to register a copyright in advance of filing a lawsuit cannot be cured through amendment and thus requires dismissal."); *Malibu Media, LLC v. Doe*, No. 18-CV-10956, 2019 WL 1454317, at *3 (S.D.N.Y. Apr. 2, 2019) ("registration must be complete before a civil action is instituted").

Moreover, Plaintiff cannot rely on VAu 1-343-697 and VAu 1-469-514 because they explicitly exclude the B&W Taylor Photograph. Both registrations were filed as unpublished works in 2018 and 2022, respectively, and Plaintiff admits the B&W Taylor Photograph was first published in 1986. ECF No. 41-7 at p. 6-7; 41-9 at p. 2-3; 41-11 at p. 2. By seeking registration of an unpublished collection, Plaintiff necessarily excluded the previously published B&W Taylor Photograph. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 231 (S.D.N.Y. 2012) (finding plaintiff's claim of a previously published work on an application for an "unpublished collection" registration constituted a fundamental registration error that rendered plaintiff's copyright registration invalid as to the already published work).

The registrations further confirm this exclusion as VAu 1-343-697 disclaims previously taken photographs and covers only two-dimensional artwork, and VAu 1-469-514 expressly excludes the B&W Taylor Photograph. ECF No. 41-7 at p. 6; ECF No. 41-9 at p. 2; *Syngy, Inc. v. ZS Assocs., Inc.*, No. 07-3536, 2015 WL 899408, *24 (E.D. Pa. Mar. 3, 2015) ("items which are specifically excluded from the copyright registration under the heading 'Limitation of copyright claim' . . . cannot be subject to the presumption [of a valid copyright]."); *AFL Telecomm. LLC v. SurplusEQ.com Inc.*, 946 F.Supp.2d 928 (D. Ariz. 2013) (finding the owner of a copyright fails to satisfy the "registration requirement" for an infringement claim where the copyright in question specifically excludes the accused work from its coverage).

Gail Podolsky

1100 Peachtree St NE | gail@podolsky-law.com | 136 Madison Avenue
Suite 900 | 404.282.7776 | 5th & 6th Floors
Atlanta, GA  30309 | www.podolsky-law.com | New York, NY  10016

The Honorable Jesse M. Furman
February 16, 2026
Page 3 of 3

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss, the evidence and legal authority demonstrate that Plaintiff's Second Amended Complaint should be dismissed in its entirety and that discovery should be stayed pending resolution of the Motion. *See Vargas v. Credit Control, LLC*, No. 24-cv-7885 (JGS) (HJR), 2025 WL 3538072, at * 1 (Dec. 10, 2025) ("A stay may be granted where the underlying motion 'is potentially dispositive, and appears to be not unfounded in the law.'"); *Goldstein*, 2025 WL 3471131, at *1 (finding the first factor weighs in favor of a stay of discovery because the defendant raised substantial arguments that plaintiff failed to state his claims); *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting motion to stay discovery pending resolution of defendants' motion to dismiss).

Second, a stay is warranted because Plaintiff served Defendants with document requests seeking voluminous discovery, including electronically stored information dating back to January 1, 2011. Allowing discovery to proceed at this stage would impose significant and unnecessary expense on the parties, all of which would be rendered moot if the Court grants the Motion to Dismiss. In addition, requiring Defendants "to engage in their own document discovery of plaintiffs, with the attendant need to review that discovery and make appropriate applications to compel…would create a significant burden on defendants in the face of a seemingly strong motion to dismiss." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 75. Accordingly, staying discovery pending resolution of the Motion to Dismiss serves the interests of judicial economy and efficiency. *Id.*

And third, Plaintiff will not be prejudiced by the requested stay. Given the early stage of the proceedings and the absence of urgency in Plaintiff's requested relief, a temporary stay pending the Court's ruling on the Motion to Dismiss will not materially delay the case.

For these reasons, as well as those articulated in Defendants' Memorandum, Defendants respectfully request that the Court stay all discovery pending resolution of Defendants' Motion to Dismiss.

We appreciate Your Honor's attention to this matter.

Kind regards,

Gail Podolsky
Gail Podolsky
Counsel for Defendants

cc:     All counsel of record

Gail Podolsky

1100 Peachtree St NE          gail@podolsky-law.com          136 Madison Avenue
Suite 900                     404.282.7776                   5th & 6th Floors
Atlanta, GA  30309            www.podolsky-law.com            New York, NY  10016