**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GARY BERNSTEIN,

*Plaintiff*,

-against-

MEREDITH OPERATIONS CORPORATION f/k/a MEREDITH CORPORATION, YAHOO INC., and MICROSOFT CORPORATION,

*Defendants*.

Index No.: 1:25-cv-05851-JMF

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

**IT IS HEREBY ORDERED** that any person subject to this Stipulated Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder. Discovery Material designated Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Discovery Material."

2. The person producing any given Discovery Material or that person's counsel may designate such material, in whole or in part, as Confidential only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is (i) proprietary or otherwise sensitive; (ii) non-public financial or business information; (iii) of a personal or intimate nature regarding any individual; (iv) subject to a contractual or other duty of confidentiality owed by the client to a third party; or (v) any other non-public information the disclosure of which could reasonably be expected to cause harm to the interests of the producing Party or a third party.

3. A producing person or that person's counsel may designate Discovery Material as Attorneys' Eyes Only if counsel determines reasonably and in good faith that the material contains highly sensitive proprietary, trade secret, financial, commercial, or other non-public information for which disclosure beyond the persons authorized to receive Attorneys' Eyes Only Discovery Material under Paragraph 8 would create a substantial risk of competitive, commercial, or other harm that could not reasonably be avoided by a less restrictive designation.

4. With respect to any protected portion of Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion

as Confidential or Attorneys' Eyes Only, as appropriate, by stamping or otherwise clearly marking the protected portion "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate any portion as Confidential or Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order," as appropriate; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential, unless a Party or producing person designates the entire transcript as Attorneys' Eyes Only on the record during the deposition.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously produced without limitation, or under a different designation, should be designated as Confidential or Attorneys' Eyes Only, such producing person may so designate or redesignate such material by apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to

be and treated in accordance with the new designation under the terms of this Protective Order. Upon receipt of such notice, each recipient shall promptly make reasonable efforts to retrieve and destroy or re-mark any copies previously disclosed in a manner inconsistent with the new designation.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the Parties to this action, their insurers, and counsel to their insurers;

b. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

d. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

f. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed

as an Exhibit hereto;

g. stenographers engaged to transcribe depositions conducted in this action; and

h. this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing person shall disclose Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except to those individuals described in Paragraphs 7(b)-(h).

9. Any Party who objects to any designation under this Protective Order may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Judge Furman's Individual Practices in Civil Cases. Unless and until the designation is withdrawn or modified by agreement or Court order, the Discovery Material at issue shall continue to be treated in accordance with the challenged designation.

10. Recipients of Protected Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Protected Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material lawfully obtained independently from and not through or pursuant to discovery in this action.

11. Nothing in this Protective Order will prevent any person subject to it from

producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow applicable provisions of Judge Furman's and Magistrate Judge Ricardo's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

15. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized

or inadvertent disclosure of such material.

16. The Parties do not anticipate producing any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) in this action. To the extent PII is exchanged in discovery, it shall be maintained by the persons who receive such information in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Protected Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, in lieu thereof, the receiving Party shall certify in writing that all Protected Discovery Material has been destroyed. For the avoidance of doubt, counsel shall not be required to search for, identify, retrieve, or destroy Protected Discovery Material maintained solely on backup media, disaster-recovery systems, archival systems, legacy systems, or other systems not reasonably accessible in the ordinary course of business. Any Protected Discovery Material retained on such systems shall remain subject to the terms of this Protective Order until destroyed in accordance with the recipient's ordinary document-retention practices. Notwithstanding the foregoing, counsel may retain one archival copy of pleadings, motion papers, transcripts, exhibits, correspondence, attorney work product, and other materials reasonably necessary to maintain a complete litigation file, provided that any Protected Discovery Material contained therein remains subject to this Protective Order.

18. Nothing in this Protective Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

19. The terms of this Protective Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

20. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 20, 2026

By: s/Atul R. Singh
David Leichtman (DL 7233)
Atul R. Singh (AS 0873)
Amelia Lembeck (*admission pending*)
1345 Avenue of the Americas
10th Floor
New York, New York 10105
Tel: (212) 370-1300
dleichtman@egsllp.com
asingh@egsllp.com
alembeck@egsllp.com

*Attorneys for Plaintiff Gary Bernstein*

By: s/Gail Podolsky
Gail Podolsky
Podolsky Law LLC
NY Bar No. 6146815
1100 Peachtree St NE, Suite 900
Atlanta, Georgia 30309
Tel: (404) 282-7776
gail@podolsky-law.com

*Attorneys for Defendants*

SO ORDERED

Dated: October 21, 2026
New York, NY

JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY BERNSTEIN,<br>*Plaintiff*,<br>-against-<br>MEREDITH OPERATIONS CORPORATION f/k/a MEREDITH CORPORATION, YAHOO INC., and MICROSOFT CORPORATION<br>*Defendants*. | Index No.: 1:25-cv-05851-JMF<br><br>**NON-DISCLOSURE AGREEMENT** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned *Bernstein v. Meredith Operations Corporation f/k/a Merdith Corporation et al.*, Civil Action No. 1:25-cv-05851-JMF (S.D.N.Y.), have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are protected by Order of the Court.

I hereby agree that I will not disclose any such documents or information to any other person except as expressly permitted by the Protective Order; that I will not use such Protected Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation, I will either return all such discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: ______________________________

Print Name: ______________________________

Address: ______________________________

Date: ______________________________